CASE 38—PROCEEDINGS BY J. C. LESZINSKY AND OTHERS AGAINST PENN LEGRAND, INVOLVING SALE OF LAND FOR TAXES.—DEC. 14.

# Leszinsky, &c. v. LeGrand.

APPEAL FROM BRECKENRIDGE CIRCUIT COURT—WEED S. CHELF, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL.     REVERSED.

TAX SALE—VALIDITY—AFFIDAVIT AS TO PERSONAL PROPERTY—FAILURE TO FILE—TAX DEED—PRIMA FACIE VALIDITY.

1. Kentucky Statutes 1894, section 4151, as amended by Acts 1897, p. 13, c. 11, providing that no "levy or sale" of real estate shall be valid, or credit for taxes in sales of same shall be allowed sheriffs, until they shall have filed affidavit with the clerk of the county court showing that the person from whom the taxes are due has no personal estate out of which said taxes can be made, applies to a sale made after the passing of said act on a levy previously made.

2. Where the affidavit was not filed as required by said statute, the *prima facie* effect given a tax deed by Kentucky Statutes 1894, section 4030, was overcome, and the sale was invalid.

CLAUDE MERCIER, ATTORNEY FOR APPELLANT.

1. We contend that this sale is absolutely void because each and every step leading up to a tax sale must be affirmatively alleged and proven by the party claiming title, either directly from a tax deed or claiming title from one whose title thereto is derived from a tax deed.

2. Because it is admitted by the appellee that his grantor, Pate, as sheriff, failed to file an affidavit with the county clerk of Breckenridge county to the effect that there was no personalty out of which to make the taxes, before he is authorized to sell real estate.

3. Because the chancellor in his judgment admits that the failure to so file the affidavit, was fatal, yet the chancellor held that it was incumbent upon the appellant to prove such a failure to file the affidavit, notwithstanding the law expressly prescribes that the party claiming title under a tax deed, or from

a person holding thereunder, that such party must prove each and every step as having been taken by the sheriff.

4. Because the law expressly provides that the sheriff before he proceeds to sell land for delinquent taxes must consult the records of the clerk's office to ascertain whether or not he is selling the land belonging to the delinquent, and a failure to consult said records causes the tax collector to make a sale at his peril.

### AUTHORITIES CITED.

Jones v. Miracle, 93 Ky., 630; Durrett v. Stewart, 88 Ky., 665; McKee v. Walker, 2 R., 230; Smith v. Ryan, 88 Ky., 636; Griffin v. Sparks, 24 R., 849; Pryor v. Hardwick, 15 R., 166; Com. v. Three Forks Co., 95 Ky., 273; Ky. Stat., sec. 4151; Wheeler v. Bramel, 10 R., 301; Meguiar v. Helm, 91 Ky., 19; Fish v. Gennett, 22 Rep.; Ky. Stat., sec. 4152.

MORRIS ESKRIDGE, ATTORNEY FOR APPELLEE.

1. It is made the duty of the assessor to list all the land in his county if the owner fails to do so (Ky. Stat., sec. 4049), and this has been the statute law for years. The mere fact that the property was listed and sold in the name of Leszinsky and not in the name of Dabelstein & Lezinsky does not invalidate the sale. The description of the person and property as made by the assessor is sufficient. See Fish v. Gennett, 22 R., 177, 56 S. W., 813; also Com. v. City of Louisville, 20 R., 893, 47 S. W., 865. If Leszinsky had no title to said land whatever, if it had belonged altogether to another, then the sale would have been void, but in this instance Leszinsky is shown to have had title jointly with Dabelstein. It is the property and its value that the taxes are to be paid on, and not the person. It is the property that is bound and not the person.

2. The proof shows plainly and clearly that there is an effort on the part of Dabelstein and Royalty to evade the payment of the taxes due on the land, and it presents such a state of facts, we think, as shows a fraudulent collusion for this purpose.

3. We have shown that S. A. Pate was the duly and legally elected sheriff for Breckenridge county, and as such received the tax book and gave bond as required by law. That this land was legally assessed; that the land was listed in the name of Leszinsky; that he notified him by letter and by postal, that Leszinsky had no personal property; that the land was duly and legally advertised, was duly and legally sold; that Frank

Board became the purchaser, received a certificate of purchase, had it properly recorded in the county clerk's office, afterwards transferred it to Pate; no one redeemed the land, and after the expiration of the time for redemption, Pate obtained a deed.

### AUTHORITIES CITED.

Ky. Stat., secs. 210, 4049, 4151, 4030, 4060; Fish v. Gennett, 22 R., 177, 56 S. W., 813; Com. v. City of Louisville, 20 R., 893, 47 S. W., 865; Meguiar v. Helm, 91 Ky., 19; Ky. Stat., sec. 4050; Gen. Stat., c. 92, art. 6, sec. 12; Metcalfe v. Com., 68 S. W., 1100; 24 Ky. Rep.; Griffith v. Sparks, &c., 70 S. W., 30, 24 R., 849.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

This case involves the question as to the validity of a tax sale of the property in controversy. It was owned by Charles Dabelstein and J. C. Leszinsky. Leszinsky had by parol contract sold his interest in it to Dabelstein. Thus the matter stood until 1894, when it was assessed for taxation in the name of Leszinsky for the year of 1894. The taxes under the assessment were due in 1895. S. A. Pate was sheriff of Breckinridge county, and in 1898 he sold it for the taxes of 1895, and procured one Frank Board to become the purchaser at the price of $3.08. After the expiration of Pate's term as sheriff, Board assigned to Pate the certificate. Pate secured a deed from his successor in office and sold the land. Before the sale, Leszinsky became insane, and was in the asylum at the time the sale was made. Dabelstein was a non-resident, but his agent had reported the land to the assessor for assessment, but the assessor, having forgotten his name, made the assessment in the name of Leszinsky. Subsequently Pate sold the land to appellee. The sale is sought to be set aside on several grounds, but we deem it unnecessary to state all of them, as one is sufficient to invalidate the sale.

The plaintiff averred that the sheriff failed to file the affidavit with the county clerk as required by section 4151,

Kentucky Statutes, 1894, as amended May 12, 1897 (Acts 1897, p. 13, c. 11), which reads as follows: ". . . Provided, however, no levy or sale of real estate shall be valid and no fees for making same, or credit for taxes in sales of same shall be allowed sheriffs, until said sheriffs shall have made affidavit in writing and filing same with clerk of county court of county in which such lands are situated, showing that the persons from whom taxes are due and whose real estate is to be sold have no personal estate out of which said taxes can be made. And such affidavit shall be certified to the auditor, who shall in no case allow credit to sheriff for taxes on land sold and bought in for the State of Kentucky, until after such affidavit has been so certified to him." The pleadings, in effect, admit that the affidavit required by this section was not filed by the sheriff. The levy seems to have been indorsed before the act took effect, requiring the sheriff to file the affidavit. But the sale was not made for more than a year after the act had taken effect. It will be observed that this act declares invalid sales of real estate for taxes made in violation of it. It expressly says that no levy or sale shall be valid where such affidavit is not filed. If the taxpayer had personal property at the time the sale was made, subject to the taxes, it was the duty of the sheriff to sell it to satisfy them. If he wanted to subject the land to the payment of the taxes, it was essential that the affidavit should be made. As the affidavit was not filed, the *prima facie* effect given a tax deed by section 4030, Kentucky Statutes, 1894, was overcome. There are other reasons why the sale is invalid, not necessary here to be considered, in view of the conclusion we have reached.

The judgment is reversed for proceedings consistent with this opinion.